# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. HUTTER,

    **Plaintiff,**

    v.                                      Case No. 15-CV-1296

NANCY BERRYHILL,
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 11, 2017, I reversed the Social Security Commissioner's decision denying Brian A. Hutter's application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") and remanded the case for further proceedings. (Docket # 15.) I then awarded plaintiff's counsel $5,404.63 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 18.) Following further administrative proceedings, the Commissioner found Hutter disabled as of August 1, 2009 and awarded Hutter $109,806.00 in past-due benefits. The Social Security Administration informed Hutter that it was withholding $27,451.50, which represents twenty-five percent of Hutter's past-due benefits, for the purpose of paying attorney's fees approved by the Court. (Docket # 19-5 at 8–9.) Hutter was also informed that if he had received SSI between January 2010 and January 2019, the Administration may have to reduce his disability benefits for that period of time. (*Id.* at 7.)

Hutter's counsel originally sought approval pursuant to 42 U.S.C. § 406(b) of fees in the amount of $27,451.50. (Docket # 19.) The Commissioner opposed the motion, principally on the

ground that Hutter's past-due DIB benefits will be reduced by the $30,500.92 he previously received in SSI benefits due to the windfall offset provisions of the Social Security Act. (Docket # 21.) Thus, the Commissioner contended that Hutter's counsel should receive $19,826.27, representing 25% of the past-due DIB benefits after accounting for the SSI offset ($109,806.00 – $30,500.92 = $79,305.08. Twenty-five percent of $79,305.08 is $19,826.27). Upon reviewing the Commissioner's response, Hutter's counsel agreed that Hutter's past-due benefits only include the amount payable to Hutter following an offset of awarded benefits and thus amended his motion and requested fees in the amount of $19,826.27. (Docket # 22.) Hutter's counsel now seeks approval pursuant to 42 U.S.C. § 406(b) of fees in the amount of $19,826.27 under his contingency fee agreement with the plaintiff. (Docket # 22.)

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed twenty-five percent of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee

but must return the smaller fee to the claimant"). Further, pursuant to 42 U.S.C. § 1320a-6(a), the Commissioner must reduce a beneficiary's past-due DIB benefits by the amount of SSI received for the same period of time, but which he would not have been eligible to receive had he been paid DIB benefits on time for each month of entitlement. This is commonly known as the windfall offset provision of the Act.

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

In this case, plaintiff entered into a twenty-five percent contingency fee agreement with counsel. (Docket # 19-5 at 2.) Twenty-five percent of Hutter's past due benefits (reduced by the windfall offset of $30,500.92) is $19,826.27. (Docket # 21 at 9, Docket # 22.) Counsel previously received $5,404.63 under the EAJA. Counsel seeks an award of $19,826.27, consistent with his twenty-five percent contingency fee agreement and a reduction for the windfall offset amount, and states that he will remit the previously awarded EAJA fee of $5,404.63 directly to Hutter. (Docket

# 19-2 at 3.) Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable given the fact he achieved success in reversing the Commissioner's decision and obtaining benefits for Hutter, despite requiring multiple hearings and appeals. (Docket # 19-2 at 3.) Counsel states that he works almost exclusively on Social Security disability cases, both at the administrative and federal court levels. (*Id.*)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. As noted above, counsel has obtained a fully favorable result and the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $19,826.27 for 29.2 hours of work (Docket # 19-5) equates to an hourly fee of approximately $679/hour. Although a rate of $679/hour is significantly higher than rates I have approved in the past, *see, e.g.*, *Garcia v. Colvin*, No. 14-CV-415, 2016 WL 3189218 (E.D. Wis. June 7, 2016) (approving fee of approximately $228/hour); *Buhk v. Colvin*, No. 12-CV-615, 2015 WL 1509242 (E.D. Wis. Apr. 1, 2015) (approving fee of approximately $348/hour); *Berry v. Colvin*, No. 12-CV-1090, 2015 WL 225441 (E.D. Wis. Jan. 16, 2015) (approving fee of approximately $330/hour); *Felske v. Colvin*, No. 11-CV-591, 2013 WL 1498990 (E.D. Wis. Apr. 11, 2013) (approving fee of approximately $350/hour), it is still within the realm of reasonable fees approved by the courts in this circuit, *see Guy v. Colvin*, No. 13-CV-178, 2016 WL 447613, at *2 (E.D. Wis. Feb. 4, 2016) (approving fee rate of $1,292.15/hour)*; Kolp v. Colvin*, No. 12-CV-842, 2015 WL 4623645 (E.D. Wis. Aug. 3, 2015) (approving fee rate of $1,118.44/hour); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL

2810589, at *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666/hour); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67/hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**. Attorney Charles E. Binder is awarded fees in the amount of $19,826.27.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Binder is directed to refund $5,404.63, representing fees that were previously awarded under the EAJA, directly to Hutter.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge